**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID ALAN GONZALES,

Defendant - Appellant.

No. 14-30242

D.C. No. 3:13-cr-00089-SLG-2

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted August 13, 2015
Anchorage, Alaska

Before: SCHROEDER, RAWLINSON, and MURGUIA, Circuit Judges.

David Alan Gonzales appeals his convictions for drug trafficking

conspiracy, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and possession of a

controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. The district court admitted into evidence a Reverse Look-Up Report to show that Gonzales's cell phone had repeatedly tracked the shipment of a package containing over 50 grams of methamphetamine. The report was automatically generated when a postal inspector entered the package's tracking number into a U.S. Postal Service database. Gonzales challenges the admission of the report on hearsay and Confrontation Clause grounds. Because the Reverse Look-Up Report was automatically computer-generated without human input or review, it is not a statement of a "person," Fed. R. Evid. 801(a), and therefore is not subject to the rule against hearsay. *See United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1110 (9th Cir. 2015) ("[M]achine statements aren't hearsay."). Because the report is not hearsay, it is also not subject to the Confrontation Clause. *See id.*; *United States v. Cazares*, 788 F.3d 956, 979 (9th Cir. 2015).

2. "To establish a drug conspiracy, the government must prove (1) an agreement to accomplish an illegal objective; and (2) the intent to commit the underlying offense." *United States v. Reed*, 575 F.3d 900, 923 (9th Cir. 2009) (quoting *United States v. Iriarte-Ortega*, 113 F.3d 1022, 1024 (9th Cir. 1997)). Viewing the evidence in the light most favorable to the prosecution, a rational juror could infer that Gonzales participated in a drug trafficking conspiracy. *See United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009).

2

A package containing a large quantity of methamphetamine was addressed to "Dave" at an address in Anchorage, Alaska. A cell phone registered to Gonzales repeatedly tracked the shipment of the package and contained a photograph of the package's tracking number. Gonzales arrived at the delivery address shortly after the package was received, and the package was opened shortly after Gonzales arrived. Other packages similar to the subject package recently had been delivered to, e.g., "My Brother Dave," at the same delivery address. This evidence is sufficient for a rational juror to infer the existence of an agreement to distribute methamphetamine. *See, e.g.*, *United States v. Duenas*, 691 F.3d 1070, 1085–86 (9th Cir. 2012) (conspiracy conviction supported by evidence of large quantity of methamphetamine and statements referencing additional participants in distribution scheme); *Reed*, 575 F.3d at 924 (conspiracy conviction supported by testimony regarding defendant's involvement in multiple drug transactions).

With respect to Gonzales' intent to distribute, the subject package contained 52 grams of 100% pure methamphetamine, the equivalent of $5,000 worth, or between 250–500 individual doses. In addition, the following items, among others, were found at the subject delivery address: two firearms, ammunition, a ballistic vest, and a digital scale. This evidence is sufficient for a rational juror to infer Gonzales' intent to distribute methamphetamine. *See United States v. Savinovich*,

3

845 F.2d 834, 838 (9th Cir. 1988) ("Intent to distribute may be inferred from the purity, price, and quantity of the drug possessed."); *United States v. Johnson*, 357 F.3d 980, 985 (9th Cir. 2004) (intent to distribute "evidenced by the distribution paraphernalia").

3.  To support a conviction for possession with intent to distribute, the government must prove (1) knowing possession of a controlled substance with (2) intent to distribute it to another person.  21 U.S.C. § 841(a)(1).  A postal inspector testified that the delivered package contained a "detectable amount" of methamphetamine.  *See* 21 U.S.C. § 841(b).  And, as noted above, the subject package contained a large quantity of 100% pure methamphetamine, *see Savinovich*, 845 F.2d at 838, and extensive distribution paraphernalia was found at the delivery address, *see Johnson*, 357 F.3d at 985.  Viewed in the light most favorable to the prosecution, a rational juror could infer from this evidence both knowing possession and intent to distribute.  *Mincoff*, 574 F.3d at 1192.

**AFFIRMED.**